**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-4953

November 27, 2020

LETTER TO ALL COUNSEL OF RECORD

Re: *Minden Pictures Inc. v. Scientific Insect Pest Control LLC*
Civil No. 1:20-cv-01988-JMC

Counsel:

This matter was referred to me for all proceedings in accordance with 28 U.S.C. 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland. (ECF No. 23). This case involves Defendant's alleged copyright infringement of Plaintiff's photographic artwork. Specifically, Plaintiffs contend that Defendants, without permission, reproduced, displayed, and distributed Plaintiff's copyrighted image of "a seemingly massive ant carrying over a dozen smaller ants." (ECF No. 29-2 at 1).

Now pending before the Court is Plaintiff's Motion to Strike Affirmative Defenses ("Motion to Strike") (ECF No. 29), Defendant's Opposition thereto (ECF No. 30), and Plaintiff's Reply (ECF No. 33). The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons more fully explained below, Plaintiff's Motion to Strike is DENIED without prejudice.

Plaintiff requests that this Court strike five of Defendant's ten affirmative defenses: #4, #5, #7, #8, and #9. (ECF No. 29-2 at 1). In short, Plaintiff's argues Defendant either (1) failed to plead sufficient facts plausibly alleging the existence of an affirmative defense (#4 and #5); or (2) failed to identify true affirmative defenses (#7, #8, and #9). (ECF No. 29-2 at 5; 10). Defendant unsurprisingly counters that it adequately plead its statute of limitations defense (#4) and acquiescence defense (#5). Defendant further asserts that its other affirmative defenses "are 'intelligible, give[] fair notice, and [are] plausibly suggested by the facts,'" and therefore should not be stricken. (ECF No. 30 at 7) (alterations in original).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit has advised, however, that "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted). In this District, the Court's "decision whether to strike an affirmative defense is discretionary" and courts often avoid such a drastic measure "absent a showing that not doing so would unfairly prejudice the movant." *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013).

      Notably here, Plaintiff's Motion to Strike and Reply do not assert that Plaintiff is prejudiced in any manner by Defendant's alleged insufficient affirmative defenses. (*See generally* ECF No. 29; 33). This matter is in the early stages of litigation. As Defendant points out, no discovery responses or documents have been exchanged at this early juncture. (ECF No. 30 at 2). Accordingly, Plaintiff's Motion to Strike is denied without prejudice. If, during the course of discovery, documents and information are exchanged that materially undermine the viability of such defenses, Defendant should withdraw same. Alternatively, Plaintiff may renew its motion or otherwise file a motion dispositive of any matter raised by Defendant should the facts support such.

      Otherwise, as discovery ensues, both parties are reminded to review the Court's informal discovery procedures (*see* ECF No. 25) and resolve as many disputes as practicable without the Court's intervention. Where necessary, the parties should follow the Court's informal procedure prior to engaging in formal motions practice.

      Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

      Sincerely yours,

      _____/s/_____
      J. Mark Coulson
      United States Magistrate Judge